FILED

2007 DEC -3 AM 11:26

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LISA SUSAN COLLINS,

       Plaintiff,

   -v-                                     07-CV-0725S
                                              **ORDER**

VICE PRESIDENT DICK CHENEY,
PRESIDENT BUSH, and UNITED STATES GOVERNMENT,

       Defendants.

---

## INTRODUCTION

Plaintiff, Lisa Collins, has filed what is her fifth complaint (Docket No. 1) filed in this Court within the last few months, and an application to proceed in forma pauperis (Docket No. 2).[1] Plaintiff's complaint names President Bush, Vice President Cheney and the United States as defendants and the claims set forth therein are not comprehensible. In the section of the form complaint that requires plaintiff to identify the defendants, she states that one of the defendants is "President Bush in acknowledgment of Lynn Collins Sterling Gold Bush," whom appears to be the sister of plaintiff. (Complaint, Section 3). The section of the complaint entitled "Statement of Claim," sets forth some words and phrases, none of which, however, form a complete sentence

---

[1] The four other actions filed in this Court previously were: Collins v. Collins, 07-CV-00439S; Collins v. Banks, 07-CV-0458S; Collins v. Bram, et al., 07-CV-0493S; and Collins v. Kowalski, et al., 07-CV-0509S. The first action, 07-CV-0439S, was dismissed because the Court did not have subject matter jurisdiction over the claims alleged in the complaint. The other three were dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

or coherent thought. (Id., Section 5). It is clear to the Court that the instant complaint, like those previously filed by plaintiff, is frivolous and must be dismissed. Accordingly, for the reasons discussed below, plaintiff's request to proceed as a poor person is granted and the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## DISCUSSION

### A. 28 U.S.C. § 1915(e)(2)(B)

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), she is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (citing Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004)).

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. See Larkin v. Savage, 318 F.3d 138, 139 (2d

2

Cir. 2003) (per curiam). Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004). Nevertheless, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. <u>Wynder v. McMahon</u>, 360 F.3d 73 (2d Cir. 2004). Thus, "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" <u>ATSI Communications, Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 (2d Cir. 2007) (quoting <u>Bell Atl. Corp. v. Twombly</u>, --- U.S. ----, ----, 127 S.Ct. 1955, 1965 (2007). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." <u>Abbas</u>, 480 F.3d at 639 (quoting <u>Gomez v. USAA Federal Savings Bank</u>, 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

Although the plaintiff believes her rights have been infringed in some manner, it is impossible to determine from the complaint the nature of plaintiff's claims or the involvement of the named defendants in the alleged constitutional violations.

The same statute that allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* "authorizes

3

federal courts to dismiss a claim filed *in forma pauperis* 'if satisfied that the action is frivolous or malicious.'" Neitzke v. Williams, 490 U.S. 319, 324 (1989), citing to what is now 28 U.S.C. § 1915(e).

> Section 1915[e] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suits and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit ... and claims of infringement of a legal interest which clearly does not exist.... Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Id.* at 327-28 (citations omitted).

> [T]he § 1915[e] frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts. ... [A] court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are

>      judicially noticeable facts available to
>      contradict them.

Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (quoting Neitzke, 490 U.S. at 327.

Plaintiff's claims are precisely the type of "fantastic" or "delusional" allegations that warrant dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) as factually frivolous. Moreover, while the usual practice is to grant leave to replead a deficient complaint, see Fed.R.Civ.P. 15(a); see also Ronzani v. Sanofi, S.A., 899 F.2d 195, 198 (2d Cir. 1990), especially where a complaint has been submitted pro se, Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994), such leave may be denied where amendment would be futile, such as in this case.

### B. SANCTIONS

As set forth in footnote 1, supra, plaintiff has filed four other actions in this Court since July of this year, all of which have been dismissed on initial review, pursuant to 28 U.S.C. § 1915(e)(2)(B). Because of the wholly frivolous and, what can best be described as, delusional nature of the complaints filed in this Court, plaintiff will be precluded from filing any further actions of any type in this Court without first obtaining permission from the Court.

The need and justification for a sanction of this type is well-documented above and needs no further elaboration. The fact

that plaintiff is *pro se* does not protect her from the imposition of sanctions when necessary and appropriate to deter baseless filings. See DePonceau v. Bush, 04-CV-6240CJS(Fe), 2004 WL 1574621, at *3 (W.D.N.Y. June 4, 2004) (citations omitted). It is well-established that the federal courts "have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." In re McDonald, 489 U.S. 180, 184 n. 8 (quoting In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir.), cert. denied 474 U.S. 1061 (1986)). The Supreme Court and our Court of Appeals have made it clear that "a district court has inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons." Sassower v. Field, 973 F.2d 75, 80-81 (2d Cir.) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 44-45), cert. denied 507 U.S. 1043 (1993)).

Sanctions under Rule 11 of the Federal Rules of Civil Procedure may also be imposed upon a *pro se* litigant who continues to file frivolous or baseless claims and petitions. Mendoza v. Lynaugh, 989 F.2d 191 (5th Cir. 1993); DePonceau, 2004 WL 1574621, at *3; Young v. Corbin, 889 F. Supp. 582 (N.D.N.Y. 1995). The Supreme Court has stated that "the central purpose of Rule 11 is to deter baseless filings in District Court and . . . streamline the administration and procedure of the federal courts." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990) (citation omitted); see

6

also Williams v. Revlon Co., 156 F.R.D. 39, 43 (S.D.N.Y. 1994) (The purpose of Rule 11 is to check abuses which cause "the waste of judicial resources and resulting inefficiencies and delays that affect all actual and potential litigants in the federal courts.") (citations omitted).

An attorney or unrepresented party may be sanctioned for violating Rule 11 by motion or by the Court upon its own initiative.  Fed. R. Civ. P. 11(c)(1)(B).

In the face of the plaintiff's continuing propensity for filing frivolous and obviously baseless actions in this Court, it becomes necessary for the Court to impose appropriate sanctions pursuant to Rule 11 and the Court's inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process."  Doctor's Assocs. v. Distajo, 66 F.3d 438, 456 (2d Cir. 1995) (quoting Chambers v. Nasco, 501 U.S. at 44-45.)  When confronted with a pro se litigant such as the plaintiff, the courts have in appropriate instances responded by completely enjoining him from the filing of certain categories of cases.  See, e.g., In re McDonald, 489 U.S. at 184-85 (barring pro se litigant from filing any new petitions for extraoridinary writs); Martin-Trigona, 9 F.3d at 228-229 (summarizing cases in which courts have completely foreclosed "vexatious litigants" from filing designated categories of cases).  While some courts have imposed "lesser" sanctions, such as fines or monetary sanctions, in attempt to deter a pro se

7

litigant like Ms. Collins, such a sanction would seem to be ineffective to deter this plaintiff because she has always qualified for *in forma pauperis* status and her only income appears to be some type of government benefits. (Docket No. 2, Application to Proceed In Forma Pauperis). Not only would a monetary sanction or fine most likely go unpaid, it could also work an unusual hardship on plaintiff.

Accordingly, this Court finds that the appropriate sanction to deter any more frivolous and repetitious filings by plaintiff is to enjoin her from making any future filings without first obtaining Court permission. The Court notes that it has the discretion to impose a complete and full filing injunction at this time but finds, for the time being, that the "lesser" sanction of not allowing any future filings without prior Court permission should be sufficient to deter any further frivolous or baseless filings by plaintiff.

Lastly, the general rule in this Circuit is that an injunction against future filings cannot be ordered unless the litigant is provided notice of the Court's intention to enjoin her from filing future cases and an opportunity to be heard with respect to the Court's intention to impose such an injunction. See Fed. R. Civ. P. 11(c)(1)(B); see, e.g., Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 141 n. 2 (2002) (if a district court determines that Rule 11 sanctions are appropriately imposed, "the court must allow the

party threatened with sanctions to respond"); see also Moates v. Barkley, 147 F.3d 207, 208 (2d. Circ. 1998) (*per curiam*) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with an opportunity to be heard."). Accordingly, plaintiff shall file , by **December 31, 2007,** an affidavit not to exceed five (5) pages in length explaining why this Court should not impose the sanction described above. Plaintiff's failure to file an affidavit or explain why the sanction described above shall not be imposed will cause the Court to impose said sanction.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), and plaintiff's application for service by the U.S. Marshal is denied as moot.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be

directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

Additionally, plaintiff will not be permitted to file any further actions of any type with this Court, unless she shows cause by **December 31, 2007,** why the sanction described above should not be imposed.

### ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* (Docket No. 2) is granted, and her application for service by the U.S. Marshal is (Docket No. 3) is denied;

FURTHER, that the complaint is dismissed with prejudice;

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied; and

FURTHER, that plaintiff shall submit by **December 31, 2007,** an affidavit not to exceed five (5) pages explaining why this Court should not impose the sanction described above to wit: that she shall be prohibited from filing any further actions with this court without first obtaining written permission from the court to do so; and

FURTHER, that if plaintiff fails to file an affidavit by **December 31, 2007,** as directed, the following sanction will become effective without further order of the court:

Plaintiff may **not** file any additional actions, of any type, in this Court without first obtaining the prior approval of the Court.

The Clerk of the Court is directed to **not file** any future ("new") actions, of any type, submitted by Lisa Susan Collins until the Court has determined whether it has jurisdiction over the claims; the allegations in fact are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; or the action is not frivolous, baseless, repetitious, vexatious or not filed simply to annoy or harass.  If the Court determines that the submission should be accepted for filing, the Court will so direct.  In the event a future complaint or action is determined to be insufficient for lack of subject matter jurisdiction, or to be otherwise frivolous, baseless, repetitious, vexatious or filed simply to annoy or harass, the complaint shall be dismissed with prejudice by summary Order citing to this Decision and Order. Only upon a determination that a future or new action may go forward shall the Court direct the Clerk of the Court to cause the United States Marshals Service to serve the defendants or to issue summonses.  Unless and until the Court enters an Order directing the Clerk of the Court to cause the United States Marshals Service to serve a summons and complaint on the

defendants or to issue summonses, no defendant shall be required to answer or otherwise respond.

**SO ORDERED.**

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:    November 29, 2007
          Rochester, New York